UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOEY STONE

CIVIL ACTION

VERSUS

NO. 3:20-CV-00016-BAJ-RLB

JUAN AMADOR, GEICO CASUALTY
COMPANY, AND USAA CASUALTY
INSURANCE COMPANY

USAA CASUALTY INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO QUASH DEPOSITION
AND DISCOVERY AND/OR FOR PROTECTIVE ORDER
AND REQUEST FOR ORAL ARGUMENT

*MAY IT PLEASE THE COURT:*

This case involves a value dispute among the parties – and their lawyers: such a dispute does not provide grounds to invade the attorney-client privilege. The Federal Rules of Civil Procedure prohibit a party from utilizing discovery methods to obtain irrelevant evidence or harass another party. The law is clear that the scope of discovery does not include privileged matters, and attorney-client communications / analysis are privileged. Plaintiff did not provide defendant with any substantive materials or information as to potential injuries or damages until *after* suit was filed. As such, the evaluation of plaintiff's claims occurred entirely post-litigation, and post-litigation attorney-client privileged analysis and communications are not subject to disclosure. As this matter involves a value dispute, "pattern and practice" requests for "institutional discovery" is completely irrelevant, unduly burdensome, and harassing. Defendant moves this Court for an Order quashing the Rule 30(b)(6) Deposition of USAA Casualty Insurance Company and portions

of discovery directed to pre-accident actions, procedures and policies, and post-litigation communications with counsel and/or for protective order. Defendant also requests oral argument pursuant to Local Civil Rule 78(B).

**I.      Relevant Background**

This lawsuit arises out of an automobile accident that occurred on June 7, 2018 ("first accident"). The accident occurred when Juan Amador rear-ended plaintiff, Joey Stone, on the Siegen Lane exit ramp of Interstate 10 in Baton Rouge, Louisiana. On June 12, 2018, counsel for plaintiff sent correspondence to USAA regarding the recent accident and "potential uninsured/under-insured claim."[1] On January 9, 2019, plaintiff filed suit against Juan Amador, Geico Casualty Company, and USAA Casualty Insurance Company alleging that he suffered injuries to his neck and back as a result of the accident.[2] At no time prior to the filing of suit did plaintiff provide USAA with any medical or billing records, nor any information as to the underlying coverage of Geico / Juan Amador, despite request from USAA.[3] Moreover, on March 5, 2019, plaintiff was involved in a subsequent automobile accident ("second accident") and filed a separate lawsuit alleging neck and back injuries, which necessitated a lumbar fusion surgery.[4]

USAA propounded discovery to plaintiff on May 1, 2019, and received plaintiff's discovery responses on July 3, 2019.[5] Until this time, undersigned had not received the policy information nor Affidavit of No Other Insurance as to the tortfeasor, Juan Amador, and liability carrier, Geico. On August 2, 2019, USAA made a timely unconditional tender of $165,000 to plaintiff pursuant to *McDill v. Utica Mutual Insurance Company*, 475 So.2d 1085 (La. 1985).[6] On

---

[1]      See 6/12/18 Correspondence attached as **Exhibit 1**.
[2]      See *Petition for Damages* (first accident) attached as **Exhibit 2**.
[3]      August 29, 2018 and January 22, 2019.
[4]      See *Petition for Damages* (second accident) attached as **Exhibit 3**.
[5]      Responses without attachments sent via fax, responses with attachments sent certified mail (cover letter and certified mail confirmation attached as **Exhibit 4**).
[6]      See *Tender Letter* to Counsel of August 2nd, attached as **Exhibit 5**.

September 5, 2019, plaintiff's counsel agreed that no additional tender was owed until USAA was able to properly depose plaintiff.[7] On November 20, 2019, USAA was able to depose plaintiff, but his deposition testimony did not reveal any additional information related to the first accident. On February 3, 2020, in response to and connection with the removal to Federal Court, plaintiff made a demand for an additional tender. However, the demand did not contain any new information related to the first accident.[8] USAA-CIC had previously tendered the undisputed portion due under *McDill v. Utica Mutual Insurance Company*, 475 So.2d 1085 (La. 1985), and responded to plaintiff's "renewed tender demand" regarding the prior undisputed portion tendered and that there is a reasonable and legitimate dispute as to the extent and causation of the claim.[9]

Plaintiff propounded premature "bad faith" discovery to defendant in February, which was previously responded to as not properly before the court. On March 16, 2020, plaintiff filed a Motion for Leave of Court to file a Supplemental and Amending Petition to include bad faith allegations, which was granted by this Court on June 16, 2020. In connection with the Court's order, plaintiff re-sent the Second Set of Interrogatories and Requests for Production of Documents, as well as a request to depose Lisa Bocanegra and representatives of USAA Casualty Insurance Company who were "involved in assessing the damages sustained by Joey Stone."[10] However, as noted above, the evaluation of plaintiff's claims occurred entirely post-litigation as plaintiff did not provide USAA-CIC with any substantive documents or materials for review and evaluation prior to filing suit. Post-litigation attorney-client privileged analysis and communications are not subject to disclosure. La. Code of Evidence art. 506; *U.S. v. Edwards*, 39

---

[7]  See *Excerpt from Joey Stone's September 5, 2019 deposition* attached as **Exhibit 6**.
[8]  See *Plaintiff's Demand* attached as **Exhibit 7**.
[9]  See Defendant's Response attached as **Exhibit 8**.
[10] See Correspondence Second Set of Discovery attached as **Exhibit 9** and Draft Notice of 30(b)(6) Deposition attached as **Exhibit 10**.

F. Supp. 2d 716 (M.D. La. 1999); *Conoco Inc. v. Boh Bros. Constr. Co.,* 191 F.R.D. 107 (W.D. La. 1998). Not only are plaintiff's requests irrelevant and overreaching as to policies, procedures, and underwriting, but also attempt to pierce the attorney-client privilege, which is not allowed and is completely beyond the scope of discoverable evidence.

## II.   LAW AND ARGUMENT

It is without question that **discovery does have "ultimate and necessary boundaries**." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Without a showing of good cause, parties are limited in discovery to:

> [a]ny **non-privileged** matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *[Emphasis added.]*

Fed. R. Civ. Proc. 26(b)(1). Post-litigation attorney-client privileged analysis and communications are not subject to disclosure. In determining the relevance of requested discovery, a court "is anchored by the parties' pleadings." *Dotson v. Edmonson*, 2017 WL 4619739, at *3 (E.D. La. Oct. 16, 2017). While relevancy in the discovery context is broader than at trial, the Fifth Circuit has made clear that discovery is not a "license to engage in an unwieldy, burdensome, and speculative fishing expedition*."* *Crosby v. Louisiana Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011). Materials and information created after the parties began their adversarial interactions are protected. Fed. R. Civ. Proc. 26(b)(3)(A); *Teleplus, Inc. v. Aventel, S.A.*, 2003 WL 23282491 (W.D. Tex. Apr. 9, 2003)*.* In the instant suit, there was no substantive information provided by plaintiff prior to suit, and post-suit actions were in defense of the claims asserted, and ultimately for resolution or trial. Once a party seeking to limit discovery establishes good cause for entry of a protective order, the burden shifts to the party seeking discovery to show that the information is

relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. Fed. R. Civ. Proc. 26(c); *In re Remington Arms Co.,* Inc., 952 F.2d 1029, 1032 (8th Cir. 1991); *American Standard, Inc. v. Pfizer, Inc.,* 828 F.2d 734, 740-41 (Fed. Cir. 1987); *Centurion Indus., Inc. v. Warren Steurer & Assoc.,* 665 F.2d 323, 325 (10th Cir. 1981); *Hartley Pen Co. v. United States Dist. Court,* 287 F.2d 324, 331 (9th Cir. 1961).

In the instant case, plaintiff cannot justify the overly broad "pattern and practice" discovery sought.[11] Plaintiff's claims made no allegations that USAA has engaged in a greater pattern and practice of unfair trade practices and made no allegations of any actions related to Louisiana insurance adjusting practices or policies. His claim is limited to a specific instance of alleged bad faith on the part of USAA related to the amount of the tender previously made. Thus, the Court should grant this Motion to Quash and issue a Protective Order pursuant to Rule 26(c)(1)(D) to impose limitations to plaintiff's 30(b)(6) deposition notice[12] and Interrogatories and Requests for Production of Documents[13] limiting his discovery to topics and requests which are relevant to his specific claim.

### A. The 30(b)(6) Deposition Topics and Discovery Propounded Request Privileged Information, Materials and Communications

The relationship between an attorney and his client is a sacred one. The attorney-client privilege is deserving of the utmost protection because it "encourages full and frank communications between attorneys and their clients and thereby promotes broader public interests in the observance of law and the administration of justice." *Smith v. Kavanaugh, Pierson & Talley,* 513 So. 2d 1138 at 1141 (La. 1987). "The attorney-client privilege protects . . . any communication from an attorney to his client when made in the course of giving legal advice, whether or not that

---

[11] *Id.*
[12] See **Exhibit 10**.
[13] See **Exhibit 9**.

advice is based on privileged communications from the client." *Bross v. Chevron USA, Inc.*, 2009 WL 854446 at *3 (W.D. La. 3/25/09) (quoting *S.E.C. v. Brady*, 238 F.R.D. 429 at 438-39 (N.D.Tex. 2006) citing *U.S. v. Mobil Corp.*, 149 F.R.D. 533 at 536 (N.D.Tex.1993)). Federal Rules of Civil Procedure 26 provides that material subject to attorney-client or work product privilege is not discoverable unless it falls within some exception to Rule 26. A simple assertion that, without access to an insurer's files, an insured cannot otherwise prove his case of bad faith does not automatically permit an insured to rummage through the insurer's claim file. *Dixie Mill Supply Co. v. Cont'l Cas. Co.*, 168 F.R.D. 554 (E.D. La. 1996). The reasonableness of an insurer's actions in a bad faith case can by proved by objective facts, which are not shielded from discovery and do not require the introduction of privileged communications at trial. *Id.* To determine whether a document is protected from disclosure by the work-product doctrine, the threshold question is whether the document was prepared in anticipation of litigation. *In re Vioxx Products Liability Litigation*, 2007 WL 854251 at *3 (E.D. La. 3/6/07). Opinion work product which conveys the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative has been accorded almost absolute protection from discovery. In the instant suit, there were no substantive materials provided by plaintiff to defendant prior to litigation. Communications and materials were clearly prepared in anticipation of litigation and are protected by the attorney-client and work product privilege, which are not subject to disclosure.

In *Hicks v. Somers*, 567 So. 2d 1137 (La. Ct. App.), writ denied, 568 So. 2d 1044 (La. 1990), plaintiff brought an action for personal injuries which sought to recover penalties and attorney fees for his uninsured motorist carrier's alleged arbitrary and unreasonable refusal to pay a claim. Plaintiff sought a blanket inspection of memoranda and correspondence in files of the insurer's attorney and adjuster. *Id.* On appeal, the court held that plaintiff was not entitled to

production absent a showing of great disadvantage or hardship and that plaintiff failed to meet this showing. *Id.* at 1139. The court further articulated that plaintiff was not entitled to the benefit of a presumption of unfair prejudice, undue hardship, or injustice in the absence of production. *Id.* at 1138. In the case at hand, no substantive materials or documents were provided to defendant prior to the filing of suit. The real issue is not whether a tender was timely made, but that plaintiff disputes the amount of the tender. Since plaintiff did not provide USAA-CIC with any substantive documents or materials for review and evaluation prior to filing suit, the evaluation of plaintiff's claims occurred post-litigation, after attorney involvement, and are therefore not subject to disclosure. Plaintiff cannot meet the heightened showing required by Rule 26(b)(3) to obtain attorney opinion work product. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F. 2d 573 at 577 (9th Cir. 1992). The allegations of plaintiff as to bad faith are insufficient to overcome the protection afforded to an attorney's mental impressions, opinions, and legal theories.

Plaintiff's bad faith allegations solely involve a value dispute. In the matter at issue, defendant objects and moves to quash requests and "topics" directed to privileged and non-discoverable information as identified in plaintiff's notice of 30b6 deposition, as well as discovery propounded to date, as the topics / discovery involve privileged information, materials, and communications, which are not subject to disclosure. [14] *Miller v. Favre*, No. 11-615, 2012 WL 6212793 (M.D. La. Oct. 22, 2012); La. Code of Evidence art. 506; *U.S. v. Edwards*, 39 F. Supp. 2d 716 (M.D. La. 1999); *Conoco Inc. v. Boh Bros. Constr. Co.,* 191 F.R.D. 107 (W.D. La. 1998). These Topics request information pertaining to discussions/communications between USAA and counsel regarding the litigation, analysis, and tender in this matter. Per *Dixie Mill* and *Hicks*, all

---

[14] **Exhibit 10** - Topics 1, 2, 4, 5, 8, 11, 12, 14, 15, 16, 17, 18, 24, 25, 29, 34, 35, 40, 41, 42, 43 (to the extent of mental impressions / theories of counsel), 45, 47, 49 (to the extent of mental impressions / theories of counsel), 50, 52, 53, 54, 58, 60, and 64 of the 30(b)(6) deposition; and **Exhibit 9** - Plaintiff's Second Set of Discovery regarding same.

of these Topics should be quashed or forbidden from discovery under Federal Rule of Civil Procedure 26(b).

### B. The 30(b)(6) Deposition of USAA and Discovery Propounded on USAA is Overly Broad, Burdensome, Irrelevant, and Matters not Related to Joey Stone's Claims

The proposed 30(b)(6) deposition of USAA and its related document production, along with the Second Set of Discovery Propounded by Plaintiff is overly broad, burdensome, irrelevant, and involves matters not related to the plaintiff's claims. Moreover, it is not limited by any relevant time periods. The scope of permissible discovery extends only to relevant matters that are not privileged. *In re Katrina Canal*, 2007 WL 1959003 (E.D. La. 2007). Federal Rule of Civil Procedure 26(b) specifically states that parties may only obtain discovery on matters that are relevant to their claim. *David v. Signal Intern*, 257 F.R.D. 114 (E.D. La. 2009). Further, discovery may not be overly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C)(iii). Under this Rule, a District Court must limit otherwise permissible discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Crosby*, 647 F.3d at 264. This case involves a value dispute among the parties – and their lawyers: such a dispute does not provide grounds to open upa defendant to respond to "pattern and practice" and "institutional discovery."

Here, the 30(b)(6) deposition of USAA and discovery propounded on USAA broadly requests information and documentation pertaining to multiple matters of inquiry that are overly broad, burdensome, and frankly not relevant. These include: USAA's policies and procedures for handling all claims; policies and procedures for evaluating and adjusting all UM claims; the identity of any claims algorithm, computer program, template or any other system used in handling

and adjusting claims; record keeping policy and procedures regarding all UM claims; underwriting; all determinations by USAA regarding payment of subject UM claims, including timing and amount of any such payment and complete factual basis for such determinations. The list is seemingly endless, and is not limited by any relevant scope. As such, defendant requests this Court quash the 30(b)(6) deposition of USAA as well as the discovery propounded on USAA.[15]

Plaintiff's allegations for USAA's "bad faith" in this matter arise out of the amount of tender paid / owed for plaintiff's first accident.[16] There are no facts or allegations that entitle plaintiff to this exhaustive, overbearing list of information that is not relevant to the claim. This suit involves a car accident and whether plaintiff has been properly compensated for his loss, where he seeks penalties alleging that his claim was handled in bad faith. The real issue is not that USAA acted in bad faith, it is that plaintiff disagrees with the amount tendered. But, that decision was made between a party and its lawyer after suit was filed. The defendant reiterates that plaintiff provided no UIM information or documentation before filing suit. A reasonable tender was made given the facts of this case (plaintiff was involved in two accidents within 9 months, medicals

---

[15] **Exhibit 10** - Topics 3, 6, 7, 10, 11, 13, 20, 21, 22, 23, 26, 27, 28, 30, 31, 38, 39, 41, 44, 46, 48, 51, 52, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64, along with the production and protective order of the following item numbers: 1, 2, 3, 4, 9, 10, 11, 13 (to the extent it seeks non-discoverable or privileged information), 14 (to the extent it seeks non-discoverable or privileged information), 15 (to the extent it seeks non-discoverable or privileged information), 16, 17 (to the extent it seeks non-discoverable or privileged information), 18, 19, 20, 21 (to the extent it seeks non-discoverable or privileged information), 22, 23, 24 (to the extent it seeks non-discoverable or privileged information), 25, 26 (to the extent it seeks non-discoverable or privileged information), 27 (to the extent it seeks non-discoverable or privileged information), 28 (to the extent it seeks non-discoverable or privileged information), 29 (to the extent it seeks non-discoverable or privileged information), 30 (to the extent it seeks non-discoverable or privileged information), 31 (to the extent it seeks non-discoverable or privileged information), 34 (to the extent it seeks non-discoverable or privileged information), 36 (to the extent it seeks non-discoverable or privileged information), 37, 38, 39, 40, 41, 43 (to the extent it seeks non-discoverable or privileged information), and 46 of the 30(b)(6) deposition; and **Exhibit 9** - Plaintiff's Second Set of Discovery regarding same.

[16] One cannot overlook the fact that plaintiff was in a subsequent accident which necessitated a subsequent surgery. The records are clear that prior to the subsequent accident plaintiff was improving and had returned to his normal activities and hobbies. However, after the subsequent / second accident, plaintiff's condition was markedly worse.

showing improvement prior to the second accident, and then plaintiff's condition markedly worse after the subsequent accident). The disagreement has nothing to do with USAA's file materials, it is one of tender value. Post-litigation attorney-client privileged analysis and communications are not subject to disclosure. Moreover, USAA's policy, practice, and procedures in handling of its claims are simply not relevant in this instance. This case involves a post-accident, post-litigation tender dispute. It would be burdensome for USAA to provide this excessive amount of discovery, and the burden and expense far outweighs any potential benefit. Therefore, there is good cause for this Court to issue an order to quash or forbid this discovery or to limit it to only those topics specifically related to the plaintiff's claims and issues in dispute (i.e. the post-litigation tender).

Rule 26 boundaries aside, plaintiff's Notice of Deposition of USAA under Rule 30(b)(6) is a decided effort to burden and harass defendant by seeking irrelevant and cumulative discovery. The notice refers to a plethora of topics and areas of inquiry which are mere regurgitations of the Interrogatories and Requests for Production of Documents propounded to defendant through written discovery. The "unreasonably cumulative and duplicative"[17] deposition topics render plaintiff's Notice of Deposition completely improper.

When examined under the contours of Rule 26, and in light of defendants' good faith responses and objections asserted,[18] the issuance of an order quashing the corporate deposition and limiting the discovery, thus guarding USAA from such harassing, irrelevant, and unnecessarily cumulative discovery, is an absolute necessity at this stage in the litigation.

### III.  CONCLUSION

The proposed 30(b)(6) deposition topics of USAA and plaintiff's Second Set of

---

[17]  Fed. R. Civ. P. 26(b)(2)(c)
[18]  See Defendant's Amended Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents – **Exhibit 11**.

Interrogatories and Requests for Production of Documents impermissibly exceeds the scope of discovery and the allegations contained in plaintiff's petition. When discovery exceeds the scope, Federal Rule of Civil Procedure 26(c)(1)(D) provides that an order may be issued to forbid inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Plaintiff has listed sixty-four (64) topics of testimony and forty-six (46) document production topics in its proposed 30(b)(6) deposition of USAA, as well as three separate sets of discovery, with more than seventy-four (74) requests, that vaguely request information pertaining to USAA's general policies, practices, and procedures ("pattern and practice" and "institutional discovery"), not merely regarding plaintiff's claim, as well as overly broad, vague and irrelevant, and as to non-discoverable and attorney-client privilege analysis and communications. These requests can only be considered a fishing expedition and harassing to the defendant. As such, USAA seeks an order quashing and/or for proactive order as to the deposition and discovery. Defendant also prays for oral argument pursuant to Local Civil Rule 78(B). For the good cause shown, this Court should grant USAA's motion to quash discovery and the 30(b)(6) deposition of USAA and/or motion for protective order.

        Respectfully submitted,

        TAYLOR, WELLONS, POLITZ & DUHE, APLC

        /s/ Rachel M. Roe_____
        Michael M. Thompson (Bar Roll No. 30758)
        Rachel Roe (Bar Roll No. 34734)
        4041 Essen Lane, Suite 500
        Baton Rouge, LA  70809
        Telephone:  (225) 387-9888
        Fax:  (225) 387-9886
        mthompson@twpdlaw.com
        rroe@twpdlaw.com
        **COUNSEL FOR USAA Cas. Ins. Co.**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by email and facsimile this 12th day of August, 2020.

                                           /s/ Rachel M. Roe
                                           TAYLOR, WELLONS, POLITZ & DUHE, APLC