UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOEY STONE                                           CIVIL ACTION

VERSUS

USAA CASUALTY INSURANCE                              NO. 20-00016-BAJ-RLB
COMPANY, ET AL.

RULING AND ORDER

Before the Court is Defendant USAA Casualty Insurance Company's **Motion In Limine To Exclude All Evidence And Argument That Plaintiff Lost Wages As A Result Of The Accident (Doc. 47)** and **Motion In Limine To Credit USAA For Medical Payments Made By Plaintiff's Health Insurer(s) (Doc. 48)**. The Motions are unopposed.

Defendant seeks to exclude evidence and argument regarding Plaintiff's lost wages at trial due to Plaintiff's alleged failure to produce any competent evidence supporting his claims for lost wages "three years after the accident giving rise to this suit[] and several months after the discovery deadline." (Doc. 47, p. 1; Doc. 47-1, p. 1). Defendant also seeks to exclude evidence and argument regarding Plaintiff's medical expenses, less what he has paid or must pay out of pocket.[1] (Doc. 48-1, p. 8). Plaintiff

---

[1] Defendant also requests that the Court find that it is entitled to a credit for all medical expenses paid by Plaintiff's healthcare insurers for alleged accident-related treatment. (Doc. 48, p. 1). A Motion in Limine is not the proper manner to request such a finding. According to the Fifth Circuit, the purpose of a motion in limine is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the

1

fails to oppose Defendant's arguments in any way.

"The [United States Court of Appeals for the] Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (internal citations omitted). "By analogy, failure to brief an argument in the district court waives that argument in that court." *Id.* (citing *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument) (additional citations omitted)).

Because Plaintiff failed to oppose Defendant's Motions, the Court will grant the Motions on the grounds of waiver. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *Garig v. Travis*, No. CV 20-654-JWD-RLB,

---

court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Babin v. Plaquemines Par.*, 421 F. Supp. 3d 391, 395 (E.D. La. 2019) (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quotation and internal quotation marks omitted)). Accordingly, the Court will not make such a finding at this juncture.

2

2021 WL 2708910, at *27 (M.D. La. June 30, 2021) ("[B]ecause Plaintiff failed to meaningfully oppose Defendants' motions on these claims, the Court will grant Defendants' motions on those issues on the grounds of waiver.").

Accordingly,

**IT IS ORDERED** that Defendant USAA Casualty Insurance Company's **Motion In Limine To Exclude All Evidence And Argument That Plaintiff Lost Wages As A Result Of The Accident (Doc. 47)** is **GRANTED**. Plaintiff shall not introduce evidence or argument regarding his alleged lost wages at trial.

**IT IS FURTHER ORDERED** that Defendant USAA Casualty Insurance Company's **Motion In Limine To Credit USAA For Medical Payments Made By Plaintiff's Health Insurer(s) (Doc. 48)** is **GRANTED IN PART AND DENIED IN PART.** Defendant's Motion is denied insofar as it requests a finding that Defendant is entitled to a credit for all medical expenses paid by Plaintiff's healthcare insurers for alleged accident-related treatment. Defendant's Motion is granted in all other respects. Plaintiff shall not introduce evidence or argument at trial regarding his alleged medical expenses paid by Plaintiff's health insurer(s), less what he has paid or must pay out of pocket.

Baton Rouge, Louisiana, this 23rd day of February, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA